ENTERED
LODGED _____ RECEIVED
OCT 25 1999
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALVIN SHERMAN, et al.,          :
                                :
v.                              :  Civil Action No. WMN-97-4374
                                :
MAYOR AND CITY COUNCIL OF       :
BALTIMORE, et al.               :

MEMORANDUM

Before the Court is Defendants' Motion for Reconsideration (Paper No. 32) of the Court's Order denying the Defendants' motion for extension of the scheduling order and granting the Plaintiff's motion in limine to exclude expert testimony. The motion is ripe for decision. Upon a review of the motion and the applicable case law, the Court determines that no hearing is necessary and that Defendants' motion will be granted.

On August 3, 1999, the Court granted Plaintiffs' motion to exclude the testimony of Defendants' expert, Patrick Kerr. The Court based this exclusion on Defendants' failure to comply with deadlines and disclosure requirements. On December 1, 1998, Plaintiffs served interrogatories on Defendants. Interrogatory #1 asked Defendants to identify any experts they intended to call, state the substance of the expected opinions, and attach any reports of the expert. Defendants were required to provide a response on December 31, 1998. After repeated requests by Plaintiffs, Defendants finally provided a response on May 25, 1999.

The long overdue answers were incomplete; Defendant named an expert, but failed to include a report or opinion.

Also, pursuant to the amended scheduling order, Plaintiffs were required to provide Rule 26(a)(2) disclosures regarding expert witnesses by April 16, 1999 and Defendants were ordered to provide the same by May 14, 1999. Plaintiffs submitted to Defendants timely Rule 26(a)(2) disclosures. Defendants, however, did not provide these disclosures by the deadline. Instead, they submitted an inadequate response to Plaintiffs' interrogatory which did not comport with Rule 26(a)(2).

In its previous order, the Court denied Defendants' motion to extend the scheduling order to allow Defendants to take depositions of out-of-town Plaintiffs and to allow Defendants' expert to issue an opinion. The Court reasoned that it had already extended the scheduling order on three prior occasions based on joint stipulations of the parties. The Court was not persuaded by Defendants' argument, that their attorney's health problems in February and March 1999 provided a legitimate excuse, reasoning that Defendants have continuously been represented by more than one attorney at all times.

In Defendants' present Motion for Reconsideration, they renew and expand upon their arguments as to attorney unavailability and

illness, asserting that they had to change their lead attorney three times. The Court is still unpersuaded by these arguments as a basis for reconsideration of its previous order; the Defendants had ample resources and opportunity to timely respond to Plaintiffs' interrogatories and to comply with the expert disclosures deadline.

The Court will, nonetheless, reconsider its previous order on the sole issue of whether the testimony of Defendants' expert, Patrick Kerr, should be excluded.[1] Based solely on the new argument raised by Defendants in their Motion for Reconsideration that Mr. Kerr's testimony is central to their case, this Court grants Defendants' motion for reconsideration. See Sullivan v. Glock, Inc., 175 F.R.D. 497, 507 (D.Md. 1997). Despite the fact that exclusion of the testimony is within the Court's discretion, Sullivan, 175 F.R.D. at 505, and warranted by counsel's lack of proper attention to this matter, the Court will allow the inclusion of the testimony because Defendants' client may otherwise be greatly prejudiced given the substantial monetary exposure involved ($4.15 million). Plaintiffs have neither alleged nor shown that

---

[1] In their Motion for Reconsideration, Defendants do not ask the Court to reconsider its previous denial of Defendants' motion to extend the scheduling order in order for Defendants to take additional depositions. (Paper No. 15). The Court does not reconsider this aspect of its previous order.

they would be prejudiced by the inclusion of this expert testimony in that they would be unable to prepare for trial. Sullivan, 175 F.R.D. at 507. The trial in this case is not scheduled until May 8, 2000, therefore leaving Plaintiffs ample time to prepare their case. Id. ("If the issue surfaces months before trial, the court has great latitude to require the disclosure, permit the opposing party to take additional discovery and designate rebuttal experts").

The Court withdraws the portion of its previous order which excluded the testimony of Defendants' expert, Patrick Kerr, and allows Defendants no more than two weeks from the date of this Court's Memorandum and Order to comply fully with Rule 26(a)(2) and Plaintiffs' interrogatories. The Court shall extend the discovery deadline, upon Plaintiffs' motion, for the limited purpose of providing additional time for Plaintiffs to depose Mr. Kerr and/or conduct other necessary discovery related to his expert testimony. In addition, Defendants are ordered to pay Plaintiffs' reasonable attorneys' fees and costs associated with obtaining compliance with their interrogatories and with Rule 26(a)(2) disclosures. A separate order will issue.

_____
William M. Nickerson
United States District Judge

Dated: October 25, 1999