FILED _____ ENTERED
LODGED _____ RECEIVED

DEC 30 1999

CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALVIN SHERMAN, et al.,          :
                                 :
v.                               :    Civil Action No. WMN-97-4374
                                 :
MAYOR AND CITY COUNCIL OF        :
BALTIMORE                        :

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' petition for reasonable attorney's fees and expenses incurred by Plaintiffs in obtaining the City's compliance with Rule 26(a)(2) expert disclosures and answers to interrogatories regarding expert testimony. (Paper No. 40). The petition and itemization were submitted pursuant to the Court's previous memorandum and order, (Papers No. 36), ordering Defendant's counsel to pay Plaintiffs' reasonable attorneys' fees and costs associated with obtaining compliance. Defendant does not challenge the reasonableness of the itemization; instead, it has filed a motion to stay Plaintiffs' petition (Paper No. 42). Plaintiffs have opposed the motion to stay.

Defendant asserts that, pursuant to Federal Rule of Civil Procedure 62, Plaintiffs' petition should be stayed pending the outcome of the case and any subsequent appeal.[1] The Court agrees with Plaintiffs that "there is no likelihood of irreparable harm

---

[1] Defendant also incorrectly argues that the Court ordered Defendant to pay Plaintiff's attorneys fees and costs. Rather, if Defendant had read the Court's Order more carefully, it stated: "That Defendants' counsel will pay all reasonable attorneys' fees and expenses associated with obtaining Defendants' compliance with Rule 26(a)(2) expert disclosures and answers to Plaintiffs' interrogatories regarding expert testimony[.]" Court's October 25, 1999 Order at ¶ 3.

1



resulting from the City's payment of a modest monetary award." Opposition at 2.

Upon review of Plaintiffs' itemization, the Court orders Defendant's counsel to reimburse Plaintiffs' counsel in the amount of $2,225.50. The Court finds Plaintiffs' itemization of attorneys' fees and costs to be reasonable.

Accordingly, IT IS this 30th day of December, 1999, by the United States District Court for the District of Maryland, ORDERED:

1. That Plaintiffs' petition for reasonable attorney's fees and expenses (Paper No. 40) is hereby GRANTED;

2. That Defendant's counsel shall reimburse Plaintiffs pursuant to the Court's previous order (Paper No. 36) in the amount of $2,225.50;

3. That Defendant's motion to stay Plaintiffs' petition (Paper No. 42) is hereby DENIED; and

4. That the Clerk of the Court shall mail or transmit copies of this Order to all counsel of record.

/s/ William M. Nickerson
William M. Nickerson
United States District Judge